■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McQUEEN, Appellant.—Judgment, Supreme Court, New York County, rendered on July 28, 1977, affirmed. Concur—Sullivan, Lane, Markewich and Silverman, JJ.

Fein, J. P., dissents in the following memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of robbery in the second degree and sentencing him to an indeterminate term of 3 to 6 years. The majority, in affirming the conviction, finds no error in the refusal by the Trial Justice to grant defendant's application to withdraw his waiver of a jury trial less than one day after defendant had executed the waiver. I disagree. The court conducted no real inquiry before denying the application and characterizing as a "whim" defendant's request for a jury trial after having waived a jury the day before. It appears that the case had been sent to the part for trial to be held on May 24, 1977. Defendant, after consulting with counsel, and after appropriate and careful inquiry by the court to ascertain that the waiver was knowingly and voluntarily made, elected to proceed nonjury and thereupon executed a waiver of his right to a jury trial. The case was adjourned until the next day, since the prosecutor, expecting to proceed with selection of a jury, had excused the complaining witness from attending. However, the next day, when court convened, defense counsel advised that defendant had changed his mind and requested that the case be tried before a jury. The transcript records the following: "MR. ADLERBERG: Your Honor, defendant upon the advice of counsel, did waive a jury trial. I believe the Court interrogated the defendant at that time, as to whether or not he understood what rights he was waiving, and as a matter of fact signed a waiver of certain constitutional rights. This afternoon, Your Honor, for the first time, the defendant now informs me, he changed his mind. He has had a different bent at this time, and he requests that the case be tried by jury. THE COURT: Well yesterday of course, the District Attorney and you were ready to go forward with the picking of a jury, and when the jury trial was waived, the case was put on today, because the District Attorney expected to go forward with the selection of a jury, had excused his witnesses. We lost a day of trial time, and we put it on today to proceed with the trial. I take it today People are ready to proceed, and they have their witnesses available. MR. GENGE: That's correct, Your Honor. THE COURT: And now the defendant as a matter of whim changes his mind and says he would like to have a trial by jury at this time. I think it is important, Mr. McQueen, when you waive a jury trial, it is a very solemn thing. I asked you in open Court whether you understood what you were doing; whether you conferred with counsel. You indicated that you conferred with him, you did know what you were doing. You signed that waiver. I

am not disposed to be played with in this way, but I'm happy to hear you if you wish to be heard in support of your application. DEFENDANT MC QUEEN: No, sir. THE COURT: The application for a jury trial is at this stage of the proceedings denied. We will proceed with the trial. I'll ask counsel for both sides to exclude any witnesses they may have, and I'll ask the District Attorney to proceed with the openings." Under the circumstances, the court abused its discretion in failing to permit defendant to withdraw his waiver of a jury trial. Plainly there was an insufficient inquiry to ascertain the reason for defendant's desire to vacate the jury waiver. There is nothing in the record to suggest that defendant's application was not made in good faith or that defendant was attempting to manipulate the system, as suggested by respondent on the appeal. It is not necessary to find, as defendant contends, that he did not seek to be personally heard in support of his application because he was intimidated by the court's remarks. The right to a jury trial being a constitutional imperative, the issue is whether the request to withdraw the jury waiver was timely made under circumstances warranting its granting, not whether there was intimidation. It should be noted that the Trial Justice afforded the defendant a scrupulously fair and legally correct trial. Indeed, the only error assigned on appeal is the refusal to permit the withdrawal of the jury waiver. However, the question is not whether defendant had a fair trial but rather whether he was improperly denied a jury trial. The constitutionally guaranteed right to a trial by jury in a criminal action is fundamental. (US Const, art III, § 2, cl 3; 1st Amdt; NY Const, art I, § 2; *Duncan v Louisiana,* 391 US 145; CPL 260.10.) Until relatively recently it could not be waived. *(People v Cosmo,* 205 NY 91; *Cancemi v People,* 18 NY 128.) Waiver became possible after *Patton v United States* (281 US 276) and a 1938 amendment to the New York State Constitution providing that a waiver must be in writing and must be signed by the defendant in person in open court in the presence and with the approval of the court. (NY Const, art I, § 2; CPL 260.10, 320.10, subds 1, 2.) However there is no applicable statute or case law dealing with when and under what circumstances a defendant can withdraw a waiver. Although in a few jurisdictions a criminal defendant may withdraw his waiver at any time before trial, absent substantial prejudice, the general rule is that the matter is one of an informed discretion. Withdrawal is permitted before the trial begins if the request is timely made and there will be no substantial delay of the trial or unreasonable inconvenience to the witnesses, the People or the court. (46 ALR2d 919; 47 Am Jur 2d, Jury, § 70; ABA Standards Relating To Trial by Jury, § 1.2 [c].) By these standards defendant was entitled to withdraw his waiver. The request was made on the day following the waiver. The trial did not proceed on the day of the waiver because the prosecution did not have a witness ready. A jury could have been impaneled forthwith upon the withdrawal of the waiver had it been granted. The delay at most was half a day, no real delay in the conduct of the trial. There has been no showing that there would have been any undue or unreasonable inconvenience to the two prosecution witnesses had they been requested to return after a jury had been selected. The police officer was not summoned until the following day. The complaining witness was a retired Manhattan resident. It does not appear how the court "lost a day of trial time". However computed, the loss of time was minimal when balanced against the fundamental constitutional right to a trial by jury. No prejudice would have resulted had the application been granted. It is noted that the People made no objection to the application. Of course, due consideration must be given to the need for the rapid disposition of cases,

speedy trials and the maximum utilization of court time. In the light of these and other considerations appellate courts should be loathe to interfere with the exercise of discretion by Trial Judges respecting the incidents of trial. However, where so fundamental a right as a jury trial is in issue, the denial of that right should not rest on the limited delay here involved. Accordingly, the judgment, Supreme Court, New York County, rendered July 28, 1977, should be reversed, on the law, as a matter of discretion in the interest of justice, the application to vacate the waiver of a jury trial granted, and the matter remanded for a new trial.